UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

210 MUNI LLC and OLYMPIC FUNDING LLC,

                 Plaintiffs,

-against-

ANNE MAHLUM,

                 Defendant.

1:25-cv-00435 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

    On January 15, 2025, this action was removed from the Supreme Court of New York, New York County, by Defendant Anne Mahlum ("Defendant"). *See* Dkt. 1. ("Notice of Removal"). Defendant asserts that jurisdiction in this Court is proper by reason of diversity of citizenship, pursuant to 28 U.S.C. § 1332. *See id.* ¶ 3. Defendant alleges that she is a resident and citizen of Florida, and that, "[u]pon information and belief, no members of either Olympic Funding LLC or 210 Munic LLC are citizens of Florida." *Id.* ¶ 5(a)-(b).

    It is well established that a limited liability company ("LLC") is deemed to be a citizen of each state of which its members are citizens. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000). Thus, a notice of removal premised upon diversity of citizenship must allege the citizenship of natural persons who are members of an LLC and the place of incorporation and principal place of business of any corporate entities that are members of the LLC. *See id.*; *see also, e.g.*, *In re Bank of Am. Corp. Sec., Derivatives, and ERISA Litig.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010); *Lewis v. Allied Bronze LLC*, No. 07 Civ. 1621 (BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007) (remanding removed action for lack of diversity jurisdiction). "[A]n allegation that an LLC 'is a citizen of a different state' than the plaintiff 'is insufficient to show that the diversity requirement is met because, standing alone, it

is entirely conclusory." *Kenshoo, Inc. v. Aragon, Advertising*, LLC, 586 F. Supp. 3d 177, 180 (E.D.N.Y. 2022) (citing *Carter v. HealthPort Tech., LLC*, 822 F.3d 47, 60 (2d Cir. 2016)); *see Carter*, 882 F.3d at 60 (allegation that defendant "is a citizen of a different state" is "entirely conclusory" and "insufficient to show that the diversity requirement is met").

Accordingly, it is hereby ORDERED that, on or before January 24, 2025, Defendant shall amend her Notice of Removal to allege the citizenship of each constituent person or entity comprising the Plaintiff LLCs (including the state of incorporation and principal place of business of any corporate entity member). If, by that date, the Defendant is unable to amend its Notice of Removal to truthfully allege complete diversity of citizenship, then the action will be remanded to the Supreme Court of New York, New York County, without further notice to either party.

Finally, Defendant is directed to, **within two business days of this Order**, serve on Plaintiffs a copy of this Order and to file proof of such service on the docket. Counsel for Plaintiffs is directed to file a notice of appearance on the docket **within two business days of such service**.

Dated: January 17, 2025
       New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge